JUAN ROMÁN REYES, Petitioner and Appellant, v. MUNICIPAL COURT OF ARECIBO, Respondent.

No. 8317.   Argued November 4, 1941.—Decided November 14, 1941.

484

*Luis Mercader* for appellant.  *Esteban Susoni Lens* for defendants in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Anita Natal and Francisco Medina subscribed a joint and several promissory note payable to the order of Juan Ramón Reyes for the sum of $100 as principal, with interest thereon at the rate of 9 per cent per annum, expressly promising also to pay costs, disbursements, and attorney's fees in case of judicial claim.

Upon default in the payment of the note, which matured on January 1, 1940, its holder brought an action thereon in

the Municipal Court of Arecibo on the 25th of the same month. He alleged, among other things, that he had engaged the services of Attorney Mercader to represent him for $62, and concluded by demanding judgment for the sum of $162, with the corresponding interest thereon.

The default of the defendants having been noted, the clerk of the court, on February 24, 1940, entered a judgment by default wherein the following relief was granted:

"Therefore, the defendants are hereby adjudged to pay, jointly and severally, to the plaintiff the sum of $162 with interest thereon at 9 per cent per annum until fully paid."

The marshal of the Municipal Court of Manatí attached, in execution of said judgment, a certain property of the defendants located in that municipal district and set a day for its sale at public auction, which was stayed after the filing by the defendants of a homestead claim that was subsequently denied by the Municipal Court of Arecibo, the day for such auction sale being again set. The defendants then filed a motion in the same court to set aside the judgment by default, on the ground that the clerk lacked jurisdiction to award attorney's fees where, as in the instant case, such liability is not represented by a liquidated sum, citing in support of their contention the case of *Martínez* v. *Figueroa*, 50 P.R.R. 908. The defendants sought in the same motion to stay again the auction sale until the question as to the nullity and nonexistence of the judgment in question had been determined.

Without hearing the plaintiff and without requiring the defendants to furnish bond to answer for any damages that might be caused to the former, the stay was ordered as requested by the defendants, and a day set for hearing the parties on the question of the nullity of said judgment.

In order to review the proceedings had in the Municipal Court of Arecibo, the plaintiff Juan Ramón Reyes applied to the District Court of Arecibo for a writ of certiorari

which was issued, and a judgment was rendered on December 19, 1940, the dispositive part of which reads as follows:

"Hon. Fermín V. Cachola, Judge of the Municipal Court of Arecibo, is hereby directed to conclude the proceedings in civil case No. 535, by ordering that the execution be proceeded with and a new public sale of the property of the defendants be effected to satisfy the sum of $100, with interest thereon at 9 per cent per annum until fully paid, which was the principal and interest agreed upon and covered by the judgment, and that out of the proceeds of such sale the plaintiff should be paid only the sum of $100 and interest thereon at 9 per cent per annum, excluding the sum of $62 as attorney's fees and disbursements, because the clerk could not ministerially enter judgment for this latter sum, inasmuch as no specific amount for the payment of costs and attorney's fees is set out in the promissory note, nor has any memorandum been presented by the plaintiff within the time provided by law."

It is from the above judgment that Juan Román Reyes has taken the present appeal. In support thereof he urges that the lower court erred:

(1) In sustaining the petition for a certiorari and in exceeding its jurisdiction by modifying the judgment of the municipal court which had not been appealed from; and

(2) In not holding that the homestead claim filed by the defendants and the order of the municipal court denying the same had validated the judgment by default.

It is true that said judgment was final (firme), as no appeal had been taken therefrom up to that time; but it is no less true that the validity and existence of the said judgment was in issue by virtue of the motion of the defendants which gave rise to the stay of the second auction sale. If the judgment was a nullity, as alleged by the defendant, it is obvious that the same could be impeached at any time, either directly or collaterally, and this being so, if the judgment had no legal existence its execution should be prevented. Therefore, the district court acted correctly in going into a consideration of the nullity of the judgment.

■ As no liquidated sum for attorney's fees had been stipulated in the promissory note, the clerk of the municipal court had no power to include in the judgment by default a definite sum for attorney's fees. *Martínez* v. *Figueroa, supra; Rivera* v. *District Court,* 44 P.R.R. 796; *De León* v. *Pérez,* 54 P.R.R. 202. See also *Zaragoza* v. *Santiago,* 51 P.R.R. 516.

■ The fact that the plaintiff claimed $62 on that account did not convert into a liquidated sum his liability to pay attorneys' fees, since the plaintiff could not acting by himself effect such liquidation, and as the obligation was not a liquidated one it was exclusively incumbent upon the court to fix the amount thereof.

■■ Now, the fact that the clerk lacked power to include in the judgment the item of attorney's fees did not affect the other pronouncements, and the judgment is valid as regards the principal of the obligation, $100, with interest thereon, because that is a liquidated sum and the interest thereon can be easily determined by means of a simple arithmetical calculation. *De la Torre* v. *National City Bank of New York,* 91 F. (2d.) 399, 404. But the plaintiff was entitled to a reasonable sum as attorney's fees, inasmuch as the defendants had promised to pay them. Therefore, it was error for the district court to deprive the plaintiff of such right when ordering the municipal court to issue a new writ of execution striking out entirely the item of attorney's fees and restricting the judgment to the principal of the promissory note and the interest thereon. The proper thing to do, according to the decision in the federal case above cited, was to remand the case to the municipal court with instructions to set aside the pronouncement as to attorney's fees made by the clerk and then for the municipal court to fix the same after hearing the parties.

■ As the defect of the judgment by default was jurisdictional, the failure of the defendants to appeal from the judgment or to claim their homestead right could not supply

the lacking jurisdiction which can only be conferred by law and not by the litigants.

Nor was the judgment by default validated, as far as the said item is concerned, by the order of the municipal court which denied the alleged homestead right, for although in the last paragraph of said order the municipal judge declared: "this court leaves standing with all its legal effects the judgment rendered, . . . . and holds that no homestead right exists affecting the property attached by the plaintiff," such pronouncement exclusively referred to any effect that the claim of the homestead right might have had upon the judgment in question. However, the question of the want of authority on the part of the clerk to fix the attorney's fees was not then in controversy nor did the judge refer to the same at that time. Even if it had been his intention to validate the same, such validation would have been ineffective, because a nullity is not susceptible of ratification. The only thing that the court could do was to make a new pronouncement in that respect after hearing the parties.

For the reasons stated the judgment of the District Court of Arecibo of December 19, 1940, must be reversed and the case remanded to the Municipal Court of Arecibo, through the District Court of Arecibo, for further proceedings not inconsistent with this opinion.